1  Floyd W. Bybee, #012651
**Law Office of**
2  **Floyd W. Bybee, PLLC**
4445 E. Holmes Ave., Suite 107
3  Mesa, AZ 85206-5530
Office:  (480) 756-8822
4  Fax: (480) 302-4186
floyd@bybeelaw.com
5
Attorney for Plaintiff
6

7                    **UNITED STATES DISTRICT COURT**

8                          **DISTRICT OF ARIZONA**

9

10  **Angela L. Seidel,** an individual;           )          No.
                                                   )
11                                                 )
                                                   )
12          Plaintiff,                             )          COMPLAINT
                                                   )
13  v.                                             )
                                                   )
14  **U.S. Collections West, Inc.,** an Arizona    )
    corporation;                                   )
15                                                 )
                                                   )
16          Defendant.                             )          (Jury Trial Demanded)
                                                   )
17  _____ )

18          Plaintiff, Angela L. Seidel, by and through counsel undersigned and in good faith,

19  alleges as follows:

20                          **I.  PRELIMINARY STATEMENT**

21  1.      Plaintiff brings this action for damages based upon Defendant's violations of the

22          Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter

23          "FDCPA"), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et*

24          *seq*.  Plaintiff seeks an award of statutory damages, actual damages, punitive

25          damages, costs and attorney's fees.

## II.  STATUTORY STRUCTURE OF FDCPA.

2.  Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3.  The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists.  Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4.  The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5.  The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6.  The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7.  Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III.  STATUTORY STRUCTURE OF FCRA.

8.  When Congress enacted the FCRA in 1970, it recognized that "Unfair credit

1    methods undermine the public confidence which is essential to the continued

2    functioning of the banking system."  FCRA § 1681(a)(1).

3    9.   Congress crafted the FCRA to protect consumers from the transmission of

4    inaccurate information about them.  Kates v. Croker National Bank, 776 F.2d

5    1396, 1397 (9th Cir. 1985).

6    10.  In 1996 Congress amended the FCRA imposing upon furnishers of information,

7    such as the defendant herein, detailed and specific responsibilities, including

8    those in FCRA § 1681s-2(b).  The furnisher has its own obligation to conduct a

9    reasonable investigation of Plaintiff's disputes.  Johnson v. MBNA, 357 F.3d. 426

10   (4th Cir. 2004);  Cushman v. Trans Union Corporation, 115 F.3d 220, 227 (3d

11   Cir. 1997).

12   11.  A furnisher which fails to conduct a reasonable investigation under FCRA §

13   1681s-2(b), is liable to the consumer for any actual damages sustained, and if the

14   failure is willful, then actual damages sustained or statutory damages of not less

15   than $100 and not more than $1,000, and punitive damages, together with

16   attorney's fees and costs of the action.  FCRA §§ 1681n and o.

17                              **IV.  JURISDICTION**

18   12.  Jurisdiction of this Court, over this action and the parties herein, arises under 15

19   U.S.C. §1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331.

20   Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims

21   arose from acts of the Defendant perpetrated therein.

22                                **V.  PARTIES**

23   13.  Plaintiff is a resident of Maricopa County, Arizona.

24   14.  Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as

25   defined by FDCPA § 1692a(3) and FCRA § 1681a(c).

15. Defendant U.S. Collection West, Inc. ("USCW") is an Arizona corporation.

16. USCW is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0007027.

17. USCW regularly collects or attempts to collect debts owed or asserted to be owed or due another.

18. USCW regularly collects or attempts to collect debt which it has purchased after default.

19. USCW is a "debt collector" as defined by FDCPA § 1692a(6).

20. USCW is a "person" as defined by FCRA § 1681a(b).

21. USCW is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## VI.  FACTUAL ALLEGATIONS

22. In February 2007, Plaintiff leased an apartment from Lakeview at Superstition Springs Apartments in Mesa, Arizona.

23. In August 2007, Plaintiff and her roommate were being threatened with physical harm and death by a convicted felon and were unable to continue to reside in the Lakeview apartment.

24. Plaintiff filed a police report concerning the threats with the City of Peoria.

25. Plaintiff also contacted the United States Attorney's office concerning the threats as there was a pending criminal matter for the felon in the Federal District Court of Arizona.  (See copy of letter dated September 27, 2007 from the United States Attorney's Office attached hereto as Exhibit A).

26. The US Attorney stated in his letter that "The defendant in the underlying case is

1  believed to be very dangerous . . . ."

2  27.  On September 27, 2007, Plaintiff gave notice to Lakeview that she had moved out

3  of the apartment and was no longer living there due to the threats, and was

4  therefore terminating the lease.

5  28.  Attached to Plaintiff's notice to Lakeview was a copy of the Peoria Police report,

6  and a copy of the US Attorney's letter.

7  29.  Plaintiff also notified Lakeview of her new mailing address on East Regina Street

8  in Mesa, Arizona.

9  30.  In November 2007, Lakeview determined that there was a remaining balance of

10  $2,888.69 owed on the lease, and assigned the alleged debt to USCW for

11  collection purposes.

12  31.  The Lakeview debt was incurred for personal, family or household purposes.

13  32.  At the time Lakeview assigned the alleged debt to USCW, it added a surcharge of

14  40% or $1,155.48 to the alleged debt, for a total of $4,044.17.

15  33.  USCW sent Plaintiff a letter dated January 30, 2008 concerning the Lakeview

16  debt.  (A copy of this letter is attached hereto as Exhibit B).

17  34.  Exhibit B was mailed to the address Plaintiff provided to Lakeview in her letters

18  of September 27, 2008.

19  35.  USCW states in its letter of January 30, 2008 that the balance of alleged debt is

20  $4,060.79, including principal of $4,044.17 and $16.62 for accrued interest.

21  36.  Upon information and belief, a portion of the $4,044.17 principal allegedly owed

22  was for collection fees added onto the original balance.

23  37.  Upon information and belief, the interest being charged by USCW included

24  interest on its collection fee.

25  38.  The January 30, 2008 letter was USCW's first written communication to Plaintiff

1       concerning the Lakeview debt.

2    39.   On February 13, 2008 Plaintiff sent USCW a letter disputing the alleged debt and

3          requesting verification.

4    40.   Plaintiff's letter of February 13, 2008 showed Plaintiff's address to be the same as

5          listed in Exhibit B.

6    41.   On or about March 14, 2008, USCW sent Plaintiff a response to her dispute letter

7          of February 13, 2008.

8    42.   The March 14, 2008 communication again was sent by USCW to the same

9          address Plaintiff listed in her prior communications to Lakeview and to USCW.

10   43.   Upon information and belief, on or about March 25, 2008 USCW engaged

11         attorney Alan H. Zimmerman and his law firm Alan H. Zimmerman, P.C. to assist

12         it in the collection of the Lakeview debt.

13   44.   On or about March 25, 2008, Zimmerman sent Plaintiff a collection letter

14         concerning the Lakeview debt. (A copy of the March 25, 2008 Zimmerman letter

15         is attached hereto as Exhibit C).

16   45.   Zimmerman's letter was also sent to the same address Plaintiff listed in her prior

17         communications to Lakeview and to USCW.

18   46.   Exhibit C was the first written communication from Zimmerman to Plaintiff

19         concerning the Lakeview debt.

20   47.   Zimmerman states in his letter of March 25, 2008 that "$4,112.87 BALANCE

21         OWED TO U.S. COLLECTIONS WEST, INC. FOR DEBT INCURRED WITH

22         LAKEVIEW."

23   48.   Zimmerman also stated in his letter of March 25, 2008 that:

24              In the event that you choose to ignore this request, this office
                has been authorized to file a lawsuit and take any and all
25              action necessary to collect the full amount due.  In

1

2

3

accordance with A.R.S. 12-341.01 and your agreement with LAKEVIEW, attorney's fees may be collected from you in addition to the costs of the lawsuit.  To avoid these expenses, you are strongly urged to resolve this matter.

4   49.   Plaintiff sent Zimmerman a letter dated April 16, 2008 disputing the alleged debt

5          Zimmerman was attempting to collect.

6   50.   Plaintiff also sent a letter dated March 27, 2008 to USCW disputing the debt

7          again and outlining the basis for her dispute.

8   51.   On May 10, 2008, Plaintiff obtained a copy of her credit report from Experian,

9          one of the three national consumer reporting agencies.

10  52.   The Experian report showed a tradeline reported by USCW concerning the

11         Lakeview debt.

12  53.   The Experian report showed that USCW had reported the Lakeview account with

13         a balance of $4,044 as of March 2008.

14  54.   The Experian report also showed that USCW had falsely reported the account

15         with the notation "Creditor cannot locate individual from March 20, 2008 to

16         March 20, 2008."

17  55.   Plaintiff sent Experian a letter dated May 31, 2008, together with numerous

18         attachments, disputing USCW's reporting of the Lakeview debt on Plaintiff's

19         credit report.

20  56.   Upon information and belief, upon receipt of Plaintiff's dispute letter and

21         attachments, Experian contacted USCW by sending an electronic Consumer

22         Dispute Verification Form or ACDV.

23  57.   Upon information and belief, USCW responded to the ACDV from Experian

24         indicating that its tradeline had been verified, and updated the balance due on the

25         account to $7,003.

58.   Plaintiff received a response from Experian dated June 25, 2008 reflecting that USCW had verified the debt, and had updated its reporting of the account to Experian.

59.   Experian's response reflected that USCW had updated its tradeline showing the balance to be $7,003 as of June 2008.

60.   Experian's response also showed that USCW continued to falsely report that the "Creditor cannot locate individual/Collection Account" and that "Creditor cannot locate individual from Mar 20, 2008 to June 24, 2008[.]"

61.   USCW reported the Lakeview account to consumer credit agency for collection purposes.

62.   USCW verified and continued its reporting of the Lakeview account to Plaintiff's credit report for collection purposes.

63.   USCW has continued to report inaccurate, derogatory and improper information and failed to retract, delete and/or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.

64.   On or about July 17, 2008, USCW sent Plaintiff another "response to [Plaintiff's] dispute" including a document signed by Lakeview's representative on July 11, 2008, which states "To the best of my knowledge this debt is still owed unless they can prove its not."

65.   As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages and continues to suffer damages.

**VII.  CAUSES OF ACTION**

**a.  Fair Debt Collection Practices Act**

66.   Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

1   67.   Defendant's violations of the FDCPA include, but are not necessarily limited to,

2       15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(4), 1692e(5), 1692e(8),

3       1692e(10), and 1692f(1).

4   68.   As a direct result and proximate cause of Defendant's violations of the FDCPA,

5       Plaintiff has suffered actual damages for which it is liable.

6       **b.  Fair Credit Reporting Act**

7   69.   Plaintiff repeats, re-alleges, and incorporates by reference the foregoing

8       paragraphs.

9   70.   Defendant failed to conduct a reasonable investigation of Plaintiff's dispute it

10      received from a consumer reporting agencies, and otherwise failed to comply with

11      FCRA § 1681s-2(b).

12   71.   Defendant has wilfully, or alternatively, negligently violated FCRA § 1681s-(b).

13   72.   As a result of Defendant's actions, Plaintiff has been damaged.

14   73.   Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with

15      any requirement imposed under the FCRA with respect to any consumer is liable

16      to that consumer in an amount equal to the sum of (1) any actual damages

17      sustained by the consumer as a result of the failure and (2) in the case of any

18      successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the

19      action together with reasonable attorneys' fees.

20   74.   As a result of Defendant's negligent failure to comply with the FCRA, Defendant

21      is liable to Plaintiff in an amount equal to the sum of (1) any actual damages

22      sustained by Plaintiff as a result of said failure and (2) the costs of this action

23      together with reasonable attorneys' fees.

24   75.   Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any

25      requirement imposed under the FCRA with respect to any consumer is liable to

1    that consumer in an amount equal to the sum of (1) any actual damages sustained

2    by the consumer as a result of the failure or damages or not less than $100.00 and

3    not more than $1,000.00; (2) such amount of punitive damages as the court may

4    allow; and (3) in the case of any successful action to enforce any liability under 15

5    U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

6    76.    As a result of Defendant's willful failure to comply with the FCRA, Defendant is

7    liable to Plaintiff in an amount equal to the sum of (1) any actual damages

8    sustained by Plaintiff as a result of the failure or damages of not less than $100.00

9    and not more than $1,000.00 for each such violation; (2) such amount of punitive

10   damages as the court may allow; and (3) the costs of this action together with

11   reasonable attorneys' fees.

12   **VIII.  DEMAND FOR JURY TRIAL**

13   Plaintiff hereby demands a jury trial on all issues so triable.

14   **IX.  PRAYER FOR RELIEF**

15   WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

16   a)    Statutory damages of $1,000 pursuant to FDCPA § 1692k;

17   b)    Actual damages for the FDCPA violations in an amount to be determined

18         at trial;

19   c)    Actual damages under the FCRA, or in the alternative, statutory damages

20         of $1,000 per violation pursuant to FCRA § 1681n;

21   d)    Punitive damages pursuant to FCRA § 1681n;

22   e)    Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n

23         and/or *o*; and

24   f)    Such other relief as may be just and proper.

25

1

2        DATED   July 23, 2008   .

3

4                                        s/ Floyd W. Bybee
                                     Floyd W. Bybee, #012651
5                                    **LAW OFFICE OF**
                                     **FLOYD W. BYBEE, PLLC**
6                                    4445 E. Holmes Ave., Suite 107
                                     Mesa, AZ 85206-5530
7                                    Office:  (480) 756-8822
                                     Fax: (480) 302-4186
8                                    floyd@bybeelaw.com

9                                    Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit A



**U.S. Department of Justice**

United States Attorney
District of Arizona

Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Main: (602) 514-7500
Main FAX: (602) 514-7693

September 27, 2007

Arizona Tenant Advocates
c/o Angela Seidel
Address unknown

Re:   *Angela Seidel*

To Whom It May Concern:

Ms. Angela Seidel is a witness in a criminal matter currently in Federal District Court. There are allegations of threats towards witnesses in this matter. Although these threats have not been verified by law enforcement other than through the self reporting of persons who feel threatened, we strongly believe that persons are attempting to exert influence over witnesses in the case. An investigation into these matters is on going. The defendant in the underlying case is believed to be very dangerous and associates with persons of similar character. The threats Ms. Seidel has reported may be real and should be treated as such until proven otherwise. Although I cannot discuss the details of the underlying case or on going investigation I an happy to take your calls and affirm what is represented in this letter.

Sincerely yours,

DANIEL G. KNOUSS
United States Attorney
District of Arizona

GLENN B. MCCORMICK
Assistant United States Attorney

gbm

# Exhibit B

P.O. Box 39695
Phoenix, AZ 85069-9695
Return Service Requested
PERSONAL & CONFIDENTIAL

P.O. Box 39695
Phoenix, AZ 85069
(602) 995-3494

00264882 - 10 - 001          2458-71

|||||||||||||||||||

ANGELA L SEIDEL
6355 E REGINA ST
STEPHANIE L FLORES
MESA, AZ 85215-0778

||.||..|.|.|.||....||.|.|.|.|.|...||.|.|.|..|.|.|.|...|.|.|.|..|

U.S. Collections West, Inc.
P.O. Box 39695
Phoenix, AZ 85069-9695

|                              |           |
|------------------------------|-----------|
| Principal:                   | $4044.17  |
| Rate of Interest Charged:    | % 10      |
| Interest:                    | $16.62    |
| Other Charges:               | $0.00     |
| Court Costs:                 | $0.00     |
| Atty Fees:                   | $0.00     |
| Amount Due:                  | $4060.79  |

January 30, 2008

Re:   LAKEVIEW

Dear ANGELA L SEIDEL,

This letter is to inform you the above mentioned firm has retained our services.

You could be reported to your Local Credit Bureau, if you have not been reported already.

It is our wish to resolve your over due account amicably. If you fail to resolve the obligation, we will be forced to work on your account further under the guidelines of the Fair Debt Collections Practices Act.

You are further advised that unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt, or any portion thereof, we will assume that the debt is valid.  If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, we shall obtain verification of the debt and a copy of such verification will be mailed by us to you.

If you notify this office in writing within a thirty (30) day period, we will provide to you the name and address of the original creditor if different from the current creditor.

Sincerely,

ACCOUNT REPRESENTATIVE

This communication is from a debt collector.  This is an attempt to collect a debt. Any information obtained will be used for that purpose.

# Exhibit C

**ALAN H. ZIMMERMAN, P.C.**
ATTORNEY AT LAW

ALAN H. ZIMMERMAN

80 EAST COLUMBUS AVENUE
PHOENIX, ARIZONA 85012

(602) 264-4965
FAX: (602) 277-0144

MARCH 25, 2008

ANGELA L SIEDEL
6355 E REGINA ST
MESA, AZ 85215

Re: $4112.87 BALANCE OWED TO U.S. COLLECTIONS
WEST,INC FOR DEBT INCURRED WITH LAKEVIEW.

ANGELA L SIEDEL

This office has been retained in regard to the above referenced delinquent account. This is a courtesy letter asking you to pay this account without further legal action. Please understand that this is not the first of a series of letters; no other notice or demand by this office will be given to you.

Accordingly, to avoid further action, you must contact US. Collections West, Inc. to pay this account in full. If you believe that the amount stated above is incorrect because of a prior payment, send documentation verifying any prior payments made.

In the event that you choose to ignore this request, this office has been authorized to file a lawsuit and take any and all actions necessary to collect the full amount due. In accordance with A.R.S. 12-341.01 and your agreement with          LAKEVIEW          , attorneys' fees may be collected from you in addition to the costs of the lawsuit. To avoid these expenses, you are strongly urged to resolve this matter.

You are further advised that unless you, within thirty (30) days after receipt of this notice, dispute validity of the debt, or any portion thereof, we will assume that the debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, we shall obtain verification of the debt and a copy of such verification will be mailed by us to you. if you notify this office in writing within this thirty (30) day period, we will provide you the name and address of the original creditor if different from the current creditor. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

Alan H. Zimmerman

CC:        REFERENCE #264882-10